7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lynn JOHNSON, Sr., Plaintiff-Appellant,
Johnny Mukes, Plaintiff,
v.
William BARR; Ed Bryant, et al., Defendants-Appellees.
 No. 93-5049.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William Lynn Johnson, Sr., is a federal prisoner who appeals pro se from a district court judgment dismissing his civil rights case filed under the authority of Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Johnson sought both monetary and injunctive relief in his complaint, alleging that his indictment on federal drug charges was unconstitutional and that the defendants conspired to prosecute him maliciously on these charges. He alleged that: 1) the Twenty-First Amendment repealed prohibition regarding drugs as well as alcohol; 2) heroin and cocaine are not controlled substances; 3) Congress lacked authority to enact 18 U.S.C. § 841(a); and 4) the federal government does not have concurrent jurisdiction with the states regarding the prosecution of drug crimes. On December 11, 1992, the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). It is from this judgment that Johnson now appeals.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Johnson's lawsuit as frivolous under 28 U.S.C. § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The only defendants specifically named in the complaint were the United States Attorney General and the United States Attorney for the Western District of Tennessee. Johnson's claim for monetary relief is frivolous because these defendants are protected by prosecutorial immunity with regard to the activities that were alleged in his complaint. See Grant v. Hollenbach, 870 F.2d 1135, 1138-39 (6th Cir.1989). Moreover, a ruling on the substantive merits of Johnson's arguments would clearly involve a determination of whether his conviction and present confinement are constitutional. Thus, Johnson's claim for equitable relief should have been brought in a motion to vacate his sentence under 28 U.S.C. § 2255. Cf. Schweiker v. Chilicky, 487 U.S. 412, 423 (1988); Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Therefore, Johnson's complaint was properly dismissed under 28 U.S.C. § 1915(d) because it lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 4
 Accordingly, Johnson's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.[1]
 
 
 
 [1]
 Since Mukes did not sign the notice of appeal, he has no appeal pending before this court